Willie FROST, Petitioner,

v.

Ted ENGLE et al., Respondents.

No. C-3-80-517.

United States District Court,
S. D. Ohio, W. D.

Nov. 26, 1980.

DECISION AND ENTRY GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS; CASE ORDERED DOCKETED; FURTHER FILING ORDERED BY RESPONDENT

RICE, District Judge.

The captioned cause came on for preliminary consideration pursuant to 28 U.S.C. § 2254, Rule 4. Upon examination of the Petition and the exhibits annexed thereto, the Court concludes that it does not plainly appear that Petitioner is not entitled to habeas corpus relief.

Petitioner says that he was convicted in Montgomery County Common Pleas Court on April 1, 1977, of "*attempted* aggravated robbery," but that he was erroneously sentenced under O.R.C. 2911.01 (aggravated robbery) rather than under O.R.C. 2923.02 (attempt).

It is probable that Petitioner simply misunderstands the nature of the offense for which he was convicted. In this regard, the Court notes that "aggravated robbery" under O.R.C. 2911.01 comprehends an underlying commission *or attempted commission* of a theft offense (while using a deadly weapon or dangerous ordnance, or while inflicting or attempting to inflict serious physical injury). Accordingly, it appears that the prosecution at Petitioner's trial caused the second count in the indictment, concerning the aggravated robbery charge, to be amended to reflect attempted commission of a theft offense rather than the completed theft offense stated in the indictment as originally returned. However, in causing the first count of the indictment (concerning a charge of attempted aggravated murder) to be similarly amended, the prosecution may have brought about Petitioner's misunderstanding by causing to be inserted, therein, as the aggravating circumstance, that Petitioner was "*attempting* to commit Aggravated Robbery."

Despite the probability that Petitioner simply misunderstands the nature of his conviction (particularly, given the improbability of his conviction for "attempted ag-

gravated robbery" under the second count in the amended indictment), it does not plainly appear that Petitioner was in fact convicted for aggravated robbery (*based on an attempted* theft offense) rather than for "attempted aggravated robbery" as he alleges. If Petitioner was convicted for "attempted aggravated robbery," it follows that sentencing under O.R.C. 2911.01, rather than under O.R.C. 2923.02, would constitute a deprivation of due process for which habeas corpus relief might be available.

It appears to the Court that Petitioner's entitlement to the requested writ may be expeditiously resolved by a threshold inquiry into whether Petitioner was in fact convicted for "aggravated robbery" or for "attempted aggravated robbery." Therefore, in lieu of requiring Respondents' Answer and Return pursuant to 28 U.S.C. § 2254, Rule 5, this Court orders as follows:

(1) The Petitioner's request for permission to proceed in forma pauperis is well taken. Petitioner is granted leave to proceed in forma pauperis, and the matter should be entered on this Court's civil docket forthwith.

(2) Pursuant to 28 U.S.C. § 2254, Rules 4, 7(a), Respondents are directed to expand the record herein by submission of the judgment of conviction, or copy thereof, entered against Petitioner in Montgomery County Common Pleas Court on April 1, 1977, upon which the Petitioner is being held, or by submission of other materials relevant to a determination of the nature of the offense for which Petitioner was convicted. Such a submission must be filed with this Court within 21 days from date of receipt of notice of this Decision. Pursuant to 28 U.S.C. § 2254, Rule 7(c), Petitioner will thereafter be afforded the opportunity within 21 days after receipt of Respondents' submission, to admit or deny the correctness of, or otherwise respond to the document(s) which Respondents submit.